IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLIE ANN MADISON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0572-P |
| | § | |
| OPTIONAL ONE MORTGAGE AND REALTY | § § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Billie Ann Madison against Optional One Mortgage and Realty. On March 22, 2010, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of her suit. Plaintiff answered the interrogatories on April 2, 2010. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff does not attempt to state a claim arising under federal law. Instead, it appears that plaintiff is suing for repairs to her property and "rent due." (*See* Mag. J. Quest. #4). Such claims arise under Texas law. Even if the court assumes that plaintiff and defendant are citizens of different states,[1] plaintiff has failed to establish that the amount in controversy exceeds $75,000. When asked to specify the amount of monetary damages she is seeking in this lawsuit, plaintiff failed to do so. Instead, plaintiff responded, "I Billie Madison is requesting exemplinary [sic] in result to subsidizing of maybe selling home. First incident 12/23/95--due to ambulance and police circuling [sic] home to intimidate someone. 5/2/08--I fault Eddie Leadby." (Mag. J. Quest. #2). This nonsensical allegation does not come close to satisfying plaintiff's burden of establishing federal diversity jurisdiction. *See Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.").

---

[1] Although plaintiff does not allege the citizenship of Optional One Mortgage and Realty, a company with a similar name, Option One Mortgage Corporation, is headquartered in Los Angeles, California.

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 13, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE